## JAMES W. HANCOCK

*v.*

## LYMAN H. TOWER.

SUPREME COURT—*appellate jurisdiction.* This court can not entertain jurisdiction of a writ of error to the Appellate Court to review its decision affirming a judgment of the circuit court in an action of replevin, when the record fails to show that the judgment below was for $1000 exclusive of costs, or that the value of the property involved is more than that sum.

WRIT OF ERROR to the Appellate Court of the Second District.

This cause was taken to the Appellate Court by appeal from the circuit court of Marshall county, the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. BARNES & MUIR, for the plaintiff in error.

Mr. MARTIN L. NEWELL, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by Tower as assignee of Petir, against Hancock, the sheriff of Marshall county. On turning to the record we find that on the 14th day of February, 1878, Petir made, executed, acknowledged and delivered a deed to Tower, assigning and transferring to him all his personal property and choses in action, in trust, for the benefit of creditors. The property thus transferred consisted of merchandise in two stores, choses in action, and of accounts, notes and claims due to Petir. Tower being apprised of the fact that Petir intended to make the assignment to him, had employed one Tullis to act as his agent in the matter. On the 14th of the month the deed was delivered to Tower, and having to go to Ottawa on that day, he handed it to Tullis, his agent, who at once took possession of the goods and commenced taking an inventory, assisted by two young men who had been clerks of Petir.

On the 18th the inventories were completed, and one of them was sworn to by Petir and it was attached to the deed, and on the next day (19th,) the deed was recorded and the assignee filed his bond with the county clerk, which was approved. When the deed was delivered the inventory had not been made or sworn to by Petir, and consequently was not attached to the deed of assignment.

Bennett, Ginnes & Bennett, a firm doing business as partners, held a note on Petir with a warrant of attorney to confess judgment. On the 16th of February, two days after the execution and delivery of the deed of assignment and possession of the property taken thereunder, they caused a judgment to be confessed in the Peoria circuit court, and sued out an execution thereon and placed it, on that date, in the hands of the sheriff of Marshall county. On the 18th he levied on the property in dispute, and Tower brought replevin for its recovery, and it is stated in the affidavit for the writ that the property is of the value of $1000.

On a trial in the circuit court the issues were found for plaintiff and a judgment was rendered in his favor. Thereupon Hancock appealed to the Appellate Court of the Second District, and on a trial in that court the judgment of the circuit court was affirmed. Hancock then sued out a writ of error from this court, and brings the record here and assigns error thereon.

The eighth section of the act creating and defining the jurisdiction of the Appellate courts provides, that in actions *ex contractu,* wherein the amount involved is less than $1000, exclusive of costs, and in all cases sounding in damages wherein the judgment of the court below is less than $1000, exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error may be prosecuted from the final judgments, orders, or decrees of the Appellate Court to the Supreme Court. The 90th section of the Practice act, as amended at the same session, provides, that a certain class of cases may be removed to this court without reference to the amount involved, and then provides, that in all other cases where the sum or value in the controversy shall exceed $1000, exclusive of costs, which shall be heard in the Appellate Court, and the judgment, order or decree of the court below is affirmed, or final judgment or decree rendered by the Appellate Court, or if it be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error, etc.

This is not one of the excepted cases in the 90th section of the Practice act. The judgment is not for $1000 or more, as required by the 8th section, nor does it appear that the sum or value involved in the litigation is more than that sum. It does not appear that it was so found, nor does it so appear from the evidence, if we could resort to it to determine the question. And if it were admissible to resort to the affidavit

filed to procure the writ of replevin, it does not so appear, as the plaintiff in the circuit court swore the property about to be replevied was worth $1000. The judgment is that the plaintiff was the owner of the property, and that he recover his costs. Hence in no event is this case provided for under either section, and the writ of error will not lie. See *Lewis* v. *Shear, ante, p.* 121.

The writ of error is dismissed.

*Writ dismissed.*